[805 NYS2d 756]

In the Matter of FRANCES J. FOOTE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 10, 2005

**APPEARANCES OF COUNSEL**

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Frances J. Foote,* Brandywine, Maryland, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1992, and formerly maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of professional misconduct including neglecting client matters and failing to carry out contracts of legal employment. Respondent failed to file a timely answer as directed by this Court and, by order entered May 26, 2004 (8 AD3d 1127 [2004]), she was suspended until further order of the Court. Respondent thereafter filed an answer denying certain allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. Respondent testified at the hearing with regard to matters in mitigation. The Referee filed a report, which the Grievance Committee moves to confirm. Respondent failed to respond to the motion or to appear before this Court on the return date.

The Referee found that respondent accepted retainer fees from two matrimonial clients and relocated to another state, abandoning the clients who had unresolved matters. Additionally, respondent used an account that was designated as a trust account as her personal account, and failed to use the account for client funds. Finally, respondent failed for two biennial periods to register as an attorney and pay required fees.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without taking steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to return unearned fees to clients;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting legal matters entrusted to her;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services; and

DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2])—failing to identify her trust account in a proper manner.

We have considered the character references submitted by respondent in mitigation, and the fact that she has a previously unblemished record. Respondent, however, has made no effort to reimburse her clients for the fees that she did not earn and she did not appear before this Court or file any papers in response to the Grievance Committee's motion to confirm the report of the Referee. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court.

PIGOTT, Jr., P.J., HURLBUTT, KEHOE, MARTOCHE and LAWTON, JJ., concur.

Order of suspension entered.